1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

11

12

13

| JACK RYAN WILDER, | |
|---|---|
| Plaintiff, | Case No. C25-1481-KKE |
| v. | ORDER TO SHOW CAUSE |
| FEDERAL COURT, | |
| Defendant. | |

14

15

16

17

18

19

   Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff states in his IFP application that he receives $907.00 per month. (*Id.* at 1.) He reports $0.99 in his checking account, no savings, no valuable property, and no dependents. (*Id.* at 2.) When asked to describe his monthly expenses and provide information for why he cannot pay court fees, Plaintiff notes "1090 rent" and states that he is "[d]isabled, in despotism, deprived by 'law[.]'" (*See id.*)

20

21

22

23

   The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523

(9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's IFP application lacks information necessary for the Court to determine whether he can afford court fees. Specifically, the application does not detail expenses for basic necessities such as food and whether these expenses are covered by his reported income. Furthermore, the application indicates a net monthly salary of $932.00, creating uncertainty as to Plaintiff's current employment status. (Dkt. # 1 at 1.) Without further information, the Court cannot authorize Plaintiff to proceed IFP.

Additionally, on August 6, 2025, the Clerk of Court notified Plaintiff that his submission was deficient due to the lack of a civil cover sheet. (Dkt. # 3 (citing Local Rules W.D. Wash. LCR 3(a)).) Plaintiff was instructed to provide a civil cover sheet "as soon as possible" and warned that failure to do so could affect the status of the case, including potential dismissal. (*Id.*) To date, Plaintiff has not complied with this instruction.

Accordingly, Plaintiff is ORDERED to show cause by **August 27, 2025**, why the Court should not recommend his IFP application be denied. Failure to comply with this order may result in a recommendation that the IFP application be denied. Plaintiff may, in the alternative, file an amended IFP application correcting the issues outlined above by that date.

The Clerk is directed to renote Plaintiff's IFP application (dkt. # 1) for **August 27, 2025**, and to send copies of this order to Plaintiff, along with a blank IFP application, and to the honorable Kymberly K. Evanson.

Dated this <u>20th</u> day of August, 2025.


MICHELLE L. PETERSON
United States Magistrate Judge