UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK RYAN WILDER,

          Plaintiff,

   v.

FEDERAL COURT,

          Defendant.

Case No. C25-1481-KKE

REPORT AND RECOMMENDATION

Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff disclosed a net monthly salary of $932.00 per month, $907.00 from public assistance, $0.99 in his checking account, no savings, no cash on hand, no valuable property, no dependents, and no monthly expenses. (*Id.* at 1-2.)

On August 20, 2025, this Court issued an Order to Show Cause. (Dkt. # 4.) This Court explained that it could not determine Plaintiff's ability to pay court fees and costs because he failed to list his expenses for basic necessities or explain why he could not afford court fees. (*Id.* at 2.) Plaintiff was ordered to show cause by August 27, 2025, why this Court should not recommend that his IFP application be denied, or to submit an amended IFP application providing the required information. (*Id.*)

REPORT AND RECOMMENDATION - 1

1    Additionally, on August 6, 2025, the Clerk of Court notified Plaintiff that his submission
2    was deficient due to the lack of a civil cover sheet. (Dkt. # 3 (citing Local Rules W.D. Wash.
3    LCR 3(a)).) Plaintiff was instructed to provide a civil cover sheet "as soon as possible" and
4    warned that failure to do so could affect the status of the case, including potential dismissal. (*Id.*)
5    To date, Plaintiff has not complied with this instruction

6    A district court may permit indigent litigants to proceed IFP upon completion of a proper
7    affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil
8    litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he
9    or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir.
10   2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must
11   show that he or she "cannot because of his [or her] poverty pay or give security for the costs and
12   still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I.*
13   *DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

14   Plaintiff has failed to correct the deficiencies in his IFP application, as identified in this
15   Court's Order to Show Cause (dkt. # 4) and explained above.[1] After careful consideration of
16   Plaintiff's IFP application, the governing law, and the balance of the record, this Court
17   RECOMMENDS that Plaintiff's IFP application (dkt. # 1) be DENIED and that Plaintiff be
18   directed to pay the filing fee within **thirty (30) days** after entry of the Court's Order adopting
19   this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order,
20   the Clerk of Court should close the case. A proposed order accompanies this Report and
21   Recommendation.

22

23   [1] To the extent Plaintiff fears public disclosure of his private information, the Court directs Plaintiff to Local Court Rule ("LCR") 5(g), which outlines the circumstances and procedures for filing documents under seal. *See* LCR 5(g) (available at https://www.wawd.uscourts.gov/local-rules-and-orders (last accessed June 17, 2025)).

REPORT AND RECOMMENDATION - 2

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 19, 2025**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Kymberly K. Evanson.

Dated this 4th day of September, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3